## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID R. ANDREWS, | DOCKET NUMBER |
| Appellant, | DE-844E-21-0177-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 16, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leah B. Kille</u>, Esquire, Lexington, Kentucky, for the appellant.

<u>Jo Bell</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which reversed the final decision of the Office of Personnel Management (OPM) denying the appellant's application for a Federal Employees' Retirement System disability retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

annuity. On petition for review, the agency argues that the appellant's condition was "situational" and that he failed to prove that any disability was expected to continue for 1 year from the date of his disability retirement application. In his cross petition for review, the appellant requests interim relief. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to decline to consider an argument the agency raises for the first time on review and to find that our final decision renders moot the appellant's request for interim relief, we AFFIRM the initial decision.

¶2 In her initial decision, the administrative judge concluded, as relevant here, that the appellant proved that his medical conditions were incompatible with useful and efficient service in his position. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 10-13. She also found that he established that his condition was expected to continue for at least 1 year from the date he filed his disability retirement application. ID at 13-14. For the first time on review, OPM challenges the probative value of an August 3, 2021 letter from the appellant's treating physician. Petition for Review (PFR) File, Tab 1 at 10-11. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument

submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). OPM has not explained why it did not raise this argument below. The letter appeared in the record below, and the administrative judge specifically explained that OPM could address the issue in written closing arguments. ID at 12 & n.5; IAF, Tab 17 at 16-18. Therefore, OPM has not shown that the newly submitted argument was unavailable before the close of record despite its due diligence, and we decline to consider it on review.

¶3        The appellant has filed a cross petition for review, seeking interim relief while the agency's petition for review was pending. PFR File, Tab 3 at 12-14. The agency has not responded to the cross petition for review.

¶4        The administrative judge declined to order interim relief despite the appellant's status as a prevailing party, citing *Steele v. Office of Personnel Management*, 57 M.S.P.R. 458 (1993), *aff'd per curiam*, 50 F.3d 21 (Fed. Cir. 1995) (Table). ID at 16. As the Board explained in *Steele*, 57 M.S.P.R. at 463, under 5 U.S.C. § 7701(b)(2)(A)(i), an administrative judge has discretion regarding whether to order interim relief. In making her decision, she must balance the benefits and burdens to the parties anticipated by the process of effecting the order. *Id.*

¶5        Here, we need not consider the propriety of the administrative judge's decision not to order interim relief, because by virtue of this order, the appellant is receiving the only remedy to which he is entitled, i.e., an order that OPM award him a disability retirement annuity. By statute, such an annuity "commences on the day after separation from the service or the day after pay ceases." 5 U.S.C. § 8464(a)(1)(C). Here, the appellant began an extended period of leave without pay in December 2019. IAF, Tab 10 at 78. He states that he has not worked since that time. PFR File, Tab 3 at 7. A qualified disability annuitant like the appellant may be entitled to receive benefits retroactive to a date prior to his

separation if his pay ceased. *See Young v. Office of Personnel Management*, 99 M.S.P.R. 563, ¶ 10 (2005). Therefore, any matter related to an interim relief order appears to be moot. *Coffey v. U.S. Postal Service*, 77 M.S.P.R. 281, 285-86 (1998) (explaining that because an appellant received full relief, any matter related to its alleged noncompliance with an interim relief order was moot). Accordingly, we decline to consider the issue further.

## ORDER

¶6        For the reasons discussed above, we affirm the initial decision and ORDER OPM to award the appellant disability retirement benefits. OPM must complete this action no later than 20 days after the date of this decision.

¶7        We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶8        No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

¶9        This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(c).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.